[646 NYS2d 327]

In the Matter of MYRNA OCASIO, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 15, 1996

## APPEARANCES OF COUNSEL

*Erania Ebron-Fubara* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Lewis Tesser* of counsel *(Segal & Tesser,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the First Judicial Department in 1987 and, at all times pertinent to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

Respondent was charged in six counts with violation of Code of Professional Responsibility DR 1-102 (A) (4), (5) and (7) (now [8]), and DR 9-102 (A), (B), (C) (3) and (4), (D) and (E) (22 NYCRR 1200.3, 1200.46), by, *inter alia*, failing to keep required records of funds received on behalf of clients, as well as making cash withdrawals and writing checks payable to cash from her escrow account. By a prehearing stipulation respondent admitted many of the allegations contained in the charges, but denied that she violated the disciplinary rules cited.

The Hearing Panel dismissed the charges concerning conversion and commingling of client funds, but found violations of the other four counts and recommended that respondent be publicly censured.

The Hearing Panel rejected the contention that respondent intentionally converted the funds of the one client, on that charge finding that respondent believed the proceeds involved belonged to her. The charges which were established pertain to respondent's violation of record-keeping requirements and her admitted failure to keep the funds in the escrow account intact and the Panel concluded that this reflected adversely on respondent's fitness to practice law. However, there was no evidence of a pattern of misconduct. The respondent cooperated and was candid and honest in her testimony and it was clear that her judgment had been clouded by significant personal problems including alcoholism, substance abuse and involvement in an abusive relationship. Countervailing that was respondent's substantial *pro bono* legal work and community activities and her desire to maintain sobriety and overcome problems with substance abuse.

The Hearing Panel recommended public censure and we concur in that recommendation. Further, the Panel recommended that the respondent be required to continue her involvement with the New York State Bar Association's Committee on Lawyer's Alcoholism and Drug Abuse and submit to random drug testing.

Accordingly, this Court grants the Disciplinary Committee's motion and the respondent is censured and we direct that the respondent agree to be monitored and remain subject to the program of the New York State Bar Association's Committee on Lawyer's Alcoholism and Drug Abuse and submit to random drug testing for three years from the date of this order.

MURPHY, P. J., SULLIVAN, KUPFERMAN, ROSS and MAZZA-RELLI, JJ., concur.

Petition granted, and respondent publicly censured, as indicated.